<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KENNETH ROSELLINI, *Plaintiff*, v. GARY WILCOX, *et al.*, *Defendants*. | Civil Action No. 20-20101 **OPINION** March 24, 2025 |

**SEMPER**, District Judge.

Before the Court is Defendant Frank LaRocca's ("Defendant" or "LaRocca") motion to dismiss (ECF 69) Plaintiff Kenneth Rosellini's ("Plaintiff" or "Rosellini") Amended Complaint (ECF 61).[1] Plaintiff opposed Defendant's motion. (ECF 75.) Defendant filed a reply. (ECF 77.) The Court considered the Amended Complaint and the parties' submissions, and the motion was decided without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Defendant's motion is **GRANTED**.[2]

---

[1] The Court construes Defendant's motion as a Rule 12(c) motion for judgment on the pleadings because Defendant has already answered Plaintiff's Amended Complaint. *See Itiowe v. Robert Wood Johnson Univ. Hosp. Hamilton*, 556 Fed. App'x. 124, 125 (3d Cir. 2014) (citing *Cross Bros. Meat Packers, Inc. v. United States*, 705 F.2d 682, 683 (3d Cir. 1983)).

[2] On August 29, 2022, Plaintiff filed a notice of appeal in this action. (ECF 62.) The sole issue before the Third Circuit was whether the District Court erred in applying the *Younger* abstention doctrine to dismiss the claims against the Ethics Committee Defendants. *Rosellini v. Wilcox*, No. 22-2610, 2025 U.S. App. LEXIS 2644, at *4 (3d Cir. Feb. 5, 2025). On February 5, 2025, the Third Circuit affirmed the District Court's October 14, 2021 and July 28, 2022 orders. *Id.* at *12. On February 19, 2025, Plaintiff petitioned the Third Circuit for rehearing before the original panel and the Court en banc.

A notice of appeal generally divests the district court of jurisdiction over aspects of the case under appeal. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). However, "[t]here is no complete divestiture of jurisdiction where 'the judgment appealed from does not determine the entire action, in which case the district court may proceed with those matters not involved in the appeal.'" *Victory v. Berks Cty.*, No. 18-5170, 2019 U.S. Dist. LEXIS 92552, at *8 (E.D. Pa. June 3, 2019) (citation omitted). Here, the issue on appeal concerns *Younger* abstention and the Ethics Committee Defendants, which is not at issue in Defendant LaRocca's motion presently before the Court. Accordingly, the Court addresses Defendant LaRocca's motion.

I.        **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**[3]

This action arises from court sanctions imposed on Plaintiff Rosellini, an attorney admitted to practice law in the State of New Jersey, in connection with a post-judgment motion Plaintiff filed on behalf of his client Linda Doblin ("Linda") in a divorce proceeding before the New Jersey Superior Court (the "Divorce Action"). (*See generally* Am. Compl.)

In 2013, Rosellini began representing Linda in connection with a bankruptcy proceeding. (*Id.* ¶ 351.) In 2015, Linda asked Rosellini to review the Divorce Action, asserting that she had been the victim of fraud upon the court perpetrated by her ex-husband, nonmoving Defendant Michael Doblin ("Michael"). (*Id.* ¶¶ 40-41.) LaRocca appeared on behalf of Michael in opposition to the motion. (*Id.* ¶ 54.) Rosellini alleges LaRocca falsely claimed the signatures on the divorce settlement agreement were genuine. (*Id.*) Rosellini alleges LaRocca and Michael conspired to commit fraud upon the Superior Court, resulting in court sanctions imposed against Rosellini. (*Id.* ¶¶ 54, 424-30.)[4] On appeal, the New Jersey Appellate Division affirmed and imposed additional sanctions. (*Id.* ¶ 376.) Openly refusing to comply, Rosellini filed a petition for certification to the New Jersey Supreme Court challenging the constitutionality of the sanctions. (*Id.* ¶¶ 62-63, 387.) The New Jersey Supreme Court denied the petition, granted a motion by the opposing party for attorney's fees, and imposed further sanctions. (*Id.*)

On December 22, 2020, Rosellini initiated this action. (ECF 1.) The original Complaint asserted five causes of action against LaRocca: (1) declaratory relief clarifying the obligations of "state court officers" and declaring that several New Jersey Court Rules and Rules of Professional

---

[3] The Court discussed the background of this action at length in its October 14, 2021 Letter Order (ECF 28) and July 28, 2022 (ECF 59) Letter Order. The Court incorporates the factual and procedural background of its prior Letter Orders herein.

[4] When Plaintiff refused to pay the sanctions, the Ethics Committee filed a professional ethics complaint against him. (Am. Compl. ¶ 399.)

Conduct violate the United States Constitution (Compl. ¶¶ 422-23); (2) civil conspiracy (*id.* ¶¶ 424-30); (3) violation of 42 U.S.C. § 1983 ("Section 1983") (*id.* ¶¶ 431-36); (4) violation of the New Jersey Civil Rights Act, N.J. Stat. Ann. § 10:6-2 ("NJCRA") (*id.* ¶¶ 437-43); and (5) abuse of process under New Jersey common law (*id.* ¶¶ 444-46). The Court dismissed the first count for lack of subject matter jurisdiction. (ECF 59 at 5, 8.) The Court dismissed the second count *with prejudice* for failure to plausibly allege a civil conspiracy. (*Id.* at 5-8.) The Court dismissed the third count without prejudice for failure to state a Section 1983 claim. (*Id.* at 7-8.) Lastly, the Court declined to exercise supplemental jurisdiction over the remaining state law claims and dismissed the claims without prejudice. (*Id.* at 8.)

On August 29, 2022, Rosellini filed the Amended Complaint, which asserts substantially the same claims. (*See generally* ECF 61, Am. Compl.) On September 12, 2022, LaRocca filed an answer to the Amended Complaint. (ECF 66, Answer.) On August 2, 2024, LaRocca filed a motion to dismiss the Amended Complaint for lack of subject matter jurisdiction and failure to state a claim. (ECF 69.) Because LaRocca already answered the Amended Complaint, the Court construes the motion pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(c).

II.     **LEGAL STANDARD**

   A.  **Rule 12(b)(1)**

To resolve a motion to dismiss for lack of subject matter jurisdiction, a court first determines whether the motion presents a "facial" or "factual" attack. *See Const. Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014). A facial attack argues that a claim on its face "is insufficient to invoke the subject matter jurisdiction of the court[,]" *id.* at 358, and does not dispute the facts alleged in the complaint, *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). A court reviewing a facial attack must "consider the allegations of the complaint and documents referenced

3

therein and attached thereto, in the light most favorable to the plaintiff." *Const. Party of Pa.*, 757 F.3d at 358. Here, the motion presents a facial attack because it asserts the allegations in the Amended Complaint fail to establish subject matter jurisdiction over this action.

### B. Rule 12(c)

Federal Rule of Civil Procedure 12(c) provides: "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." A motion for judgment on the pleadings is reviewed pursuant to the same standard as a motion to dismiss. *Wyndham Constr., LLC v. Columbia Cas. Ins. Co.*, No. 15-7667, 2016 WL 5329585, at *2 (D.N.J. Sept. 21, 2016). Thus, under Rule 12(c), "a court must take all allegations in the relevant pleading as true, viewed in the light most favorable to the non-moving party." *N.J. Physicians United Reciprocal Exch. v. Boynton & Boynton, Inc.*, 141 F. Supp. 3d 298, 302 (D.N.J. 2015). However, the Court is not required to accept "unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations." *Allah v. Brown*, 351 F. Supp. 2d 278, 280 (D.N.J. 2004). In deciding a Rule 12(c) motion, courts may consider the allegations in the pleadings as well as "exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents." *Syndicate 1245 at Lloyd's v. Walnut Advisory Corp.*, 721 F. Supp. 2d 307, 314 (D.N.J. 2010).

### III. ANALYSIS

#### A. Federal Claims

##### a. Count I: Declaratory Judgment

The Amended Complaint's Count I appears to be the same as the original Complaint's Count I. (*Compare* Am. Compl. ¶¶ 422-23, *with* Compl. ¶¶ 422-23.) Just like Count I in the original Complaint, the Amended Complaint's Count I seeks judicial declarations that "state court officers"

have certain duties, that state orders sanctioning a litigant must meet certain requirements, and that several New Jersey Court Rules and Rules of Professional Conduct violate the First and Fourteenth Amendments. (*See* Am. Compl. at 77-78 (wherefore clause).) As the Court previously explained, Rosellini lacks Article III standing to pursue such a claim against LaRocca.

In the July 28, 2022 Letter Order, the Court explained:

> To establish Article III standing, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). When a plaintiff "challenge[s] . . . the constitutionality of a particular statutory provision, the causation element of standing requires the named defendants to possess authority to enforce the complained-of provision." *Greater Chautauqua Fed. Credit Union v. Marks*, No. 22-2753, 2022 WL 1266276, at *8 (S.D.N.Y. Apr. 28, 2022). Similarly, "[t]he redressability prong is not met when a plaintiff seeks relief against a defendant with no power to enforce a challenged statute." *Dig. Recognition Network, Inc. v. Hutchinson*, 803 F.3d 952, 958 (8th Cir. 2015).

(ECF 59 at 5.)

LaRocca is a private citizen without authority to enforce New Jersey's court and ethics rules. Rosellini therefore cannot establish the requisite causation and redressability to pursue declaratory relief against LaRocca. The Court again dismisses Count I against LaRocca for lack of subject matter jurisdiction.

### b. Count II: Civil Conspiracy

While the Amended Complaint reasserts Count II from the original Complaint, the Court previously dismissed Count II with prejudice. (ECF 59 at 5-8.) Despite Plaintiff's apparent attempt to reassert Count II, the Court will not address a claim previously dismissed with prejudice. *See Shinhua Liu v. Kun Lu*, No. 23-3819, 2025 U.S. Dist. LEXIS 36592, at *9 n.7 (D.N.J. Feb. 28, 2025) (explaining claims dismissed with prejudice "are no longer viable in this or any other

lawsuit."). Plaintiff has not added any new factual allegations that would change the Court's prior ruling. (*Compare* Compl. ¶¶ 424-30, *with* Am. Compl. ¶¶ 424-30.) The Court adopts the discussion in its July 28, 2022 Letter Order with respect to Count II. (ECF 59 at 5-7.)

  c. **Count III: Section 1983**

The Court previously dismissed Count III against Defendant LaRocca without prejudice. (ECF 59 at 7.) The Court instructed that "[t]o the extent Plaintiff can allege concrete facts creating plausible grounds to infer a conspiracy under Section 1983, he may file an amended complaint within thirty (30) days." (*Id.* at 8.)

To state a Section 1983 claim, a plaintiff must plausibly allege "(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011). A defendant is a "state actor" when "(1) he is a state official, (2) 'he has acted together with or has obtained significant aid from state officials,' or (3) his conduct is, by its nature, chargeable to the state." *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). The Amended Complaint fails to allege any state action by LaRocca. First, LaRocca is not a "state official." "A private attorney representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of [Section] 1983." *Vaughn v. Markey*, 813 F. App'x 832, 833 (3d Cir. 2020) (citing *Polk County v. Dodson*, 454 U.S. 312, 318 (1981)). Second, Plaintiff has not plausibly alleged any facts suggesting LaRocca acted in concert with or obtained significant aid from state officials. As the Court previously explained, resorting to the courts does not make a party a "joint actor" with the judge, *Dennis*, 449 U.S. at 28, and the "private use of state-sanctioned private remedies or procedures

does not rise, by itself, to the level of state action," *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 622 (1991). Rather, "to properly plead an unconstitutional conspiracy" under Section 1983, a plaintiff must plead "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of illegal agreement." *Great W. Mining & Min. Co.*, 615 F.3d at 178-79 (citations omitted). Plaintiff has failed to do so. His new allegations in the Amended Complaint do not create plausible grounds to infer a conspiracy under Section 1983. Plaintiff states "Frank LaRocca *likely* had ex parte communications with as [sic] judges," (Am Compl. ¶ 435 (emphasis added)), "[d]irect evidence of a conspiracy is rarely available, and existence of a conspiracy must usually be inferred from the circumstances[,]" (*id.* ¶ 436), and "[s]uch a conspiracy has to be inferred from the circumstances, and the circumstances are that time and time again, LaRocca, with [the judicial defendants] knowingly acted outside the applicable law, court orders and based upon fabricated evidence" (*id.* ¶ 438). These allegations do not raise a reasonable expectation that discovery will reveal evidence of an illegal agreement. Finally, Plaintiff has not otherwise alleged that any of LaRocca's conduct in connection with the Divorce Action is "chargeable to the state."

Accordingly, the Court dismisses Count III against Defendant LaRocca with prejudice.

### B.  Supplemental Jurisdiction Over State Law Claims

The only remaining claims at issue here are Plaintiff's state law claims against Defendant LaRocca. Plaintiff brought this action pursuant to the Court's federal question jurisdiction and does not assert diversity of citizenship. (Am. Compl. ¶¶ 1-3.) As Plaintiff does not allege diversity of citizenship, the Court must consider whether to exercise supplemental jurisdiction over Plaintiff's remaining state law claims against LaRocca. Pursuant to 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction over a claim if the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Federal district courts have

7

original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Absent extraordinary circumstances, where the federal causes of action are dismissed the district court should ordinarily refrain from exercising pendent jurisdiction [over the state law claims]." *Bright v. Westmoreland County*, 380 F.3d 729, 751 (3d Cir. 2004) (citation and quotation marks omitted); *see also Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995) ("[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.") (citation omitted). "[T]ime already invested in litigating the state cause of action is an insufficient reason to sustain the exercise of pendent jurisdiction." *Lovell Mfg. v. Exp.-Imp. Bank of the U.S.*, 843 F.2d 725, 735 (3d Cir. 1988). Mindful that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966), the Court discerns no "extraordinary circumstances" that would justify the exercise of supplemental jurisdiction here. Plaintiff's remaining state law claims against LaRocca are therefore dismissed without prejudice.

## IV. CONCLUSION

For the reasons set forth above, Defendant's motion (ECF 69) is **GRANTED.** An appropriate order accompanies this opinion.

/s/ Jamel K. Semper
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig: Clerk
cc: José R. Almonte, U.S.M.J.
      Parties