NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KENNETH ROSELLINI,<br><br>*Plaintiff,*<br><br>v.<br><br>GARY WILCOX, et al.,<br><br>*Defendants.* | Civil Action No. 20-20101<br><br>**OPINION**<br><br>December 31, 2025 |

**SEMPER**, District Judge.

**THIS MATTER** comes before the Court on *pro se* Plaintiff Kenneth Rosellini's Motion to Alter Judgment pursuant to Federal Rule of Civil Procedure 59(e). (ECF 84, "Motion" or "Mot.") Defendant Frank LaRocca opposed the Motion (ECF 85, "Opposition" or "Opp."), and Plaintiff replied in support of the Motion (ECF 87, "Reply"). The Court has decided this motion upon the submissions of the parties, without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 78.1. For the reasons stated below, Plaintiff's Motion is **DENIED**.

I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The facts of this case are well known to the parties and were described in detail in this Court's Opinion granting Defendant LaRocca's motion to dismiss, dated March 24, 2025; for the purpose of judicial economy, the facts need not be reiterated herein. (ECF 80 at 2-3, "Opinion" or "Op.") On April 21, 2025, Plaintiff filed the instant Motion, asking the Court to alter its March 24, 2025 judgment dismissing Defendant LaRocca from the suit and "reinstate the Amended Complaint against Defendant LaRocca." (Mot. at 4.) On May 5, 2025, Defendant LaRocca filed

1

his Opposition to the Motion. (Opp.) On March 12, 2025, Plaintiff filed his Reply in support of the Motion. (Reply.)

## II.    LEGAL STANDARD

Under Rule 59 of the Federal Rules of Civil Procedure, a plaintiff must satisfy a high standard in order to alter or amend a judgement. In *North River Insurance Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir.1995), the Court stated that a Rule 59 motion for an amended judgment must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence that was previously unavailable; or (3) the need to either correct a clear error of law or prevent a manifest injustice. *Gilgallon v. Cnty. of Hudson*, No. 02-5948, 2006 WL 1645026, at *1 (D.N.J. June 13, 2006).

## III.    ANALYSIS

Plaintiff's Motion raises two arguments in favor of amending the Court's previous judgment. First, Plaintiff argues that his Amended Complaint, which this Court dismissed as to Defendant LaRocca in its March 24, 2025 Opinion, contains one count that was amended and two counts that were not amended, but merely repleaded. (Mot. at 2.) Plaintiff asserts that repleading these claims was "procedurally correct to ensure that all of Plaintiff's rights of appeal are preserved, particularly as to those claims dismissed without prejudice and as to the remaining defendants in this case." (*Id.* at 3.) In Plaintiff's view, "[t]he Court in its Opinion mischaracterizes the repleading of these Count [sic] for this purpose, and should amend or alter its Opinion to reflect a proper analysis of the legal issues which concerning [sic] the repleading." (*Id.*)

Second, Plaintiff argues that "[t]he Court in its Opinion fails to acknowledge or discuss the relevant case law and facts cited by Plaintiff, particularly with respect to the cases of *Walsh v. Quinn*, 2008 U.S. Dist. LEXIS 67587, at *8 (W.D. Pa. Aug. 8, 2008) and *Dennis v. Sparks*, 449

U.S. 24, 29 [] (1980)." (*Id.* at 7.) Plaintiff also asserts that the Court "ignored" facts relating to Defendant Gary Wilcox's suspension for improper conduct under the New Jersey Supreme Court's Code of Judicial Conduct, which related to inappropriate videos Defendant Wilcox published on social media platforms. (*Id.* at 9-10.)

In his Opposition, Defendant LaRocca argues that "[t]he Motion does not point to controlling law that the Court overlooked, but, rather, it rehashes the identical arguments asserted in opposition to the Motion to Dismiss." (Opp. at 2.) LaRocca argues that "the allegations of the Amended Complaint related to the Section 1983 claim are the same type of non-specific, conclusory allegations of conspiracy that were found insufficient to state a claim in *Walsh*[.]" (*Id.* at 4.) Regarding Plaintiff's contention that the Court overlooked relevant evidence, Defendant argues that "Plaintiff draws no connection between the allegations against Judge Wilcox related to the suspension and the allegations of a conspiracy among LaRocca and the judges in the present case, nor is any connection apparent." (*Id.*)

In his Reply, Plaintiff generally reiterates the arguments made in the Motion. (*See generally* Reply.)

Regarding Plaintiff's first claim that the Court's Opinion somehow mischaracterized the effect of Plaintiff's repleading of two of the counts in the Amended Complaint, the Court finds that Plaintiff has not stated how the Court mischaracterized these repleaded claims. Such a bald assertion of "mischaracterization," unsupported by any substantive discussion of the details or effects of that alleged error, does not pass the "high bar" necessary to compel this Court to alter its judgment here. *North River Ins. Co.*, 52 F.3d at 1218. Plaintiff includes a string of citations of cases purportedly dealing with these issues, but none of these constitutes an "intervening change in controlling law" sufficient to trigger alteration of the judgment because most of these decisions

were rendered years before this case began, and the one decision that might have been rendered after the case started is from another Circuit Court and thus not controlling here. *Gilgallon*, 2006 WL 1645026 at *1; Mot. at 3. The Court notes that Plaintiff is free and welcome to exercise his right to appeal this Court's judgments to the Third Circuit, to the extent that the Federal Rules of Appellate Procedure and the Local Rules of this Court and the Third Circuit allow.

Regarding Plaintiff's second claim, the Court first notes that it did discuss *Dennis v. Sparks*, 449 U.S. 24 (1980) in its Opinion. (*See* Op. at 6-7.) Further, Plaintiff is wrong as a matter of law that the Court ignored or overlooked *Walsh*. *See Gilgallon*, 2006 WL 1645026 at *2 ("An argument may be regarded as having been considered if it is presented to the court in written submissions and in oral argument"); *see also* ECF 75 at 24-25 (Plaintiff's Opposition to the Motion to Dismiss the Amended Complaint, citing *Walsh*, 2008 U.S. Dist. LEXIS 67587, at *8). Finally, Plaintiff's references to the suspension of Judge Wilcox have no relation to this case and cannot form a basis upon which to alter the judgment.

## IV. CONCLUSION

Accordingly, Plaintiff's Motion is hereby **DENIED**. An appropriate order follows.

/s/ *Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig: Clerk
cc: Jose R. Almonte, U.S.M.J.
Parties